## STONE *et al., vs.* GREEN *et al.*

1. Notice to the husband of an application to prove a will in solemn form, when the wife is next of kin to the deceased, is not notice to her, so as to conclude her in a subsequent application to *caveat* the will.

Appeal from Ordinary on proceedings to probate Will in solemn form, in Hancock Superior Court.   Tried before Judge THOMAS, at April Term, 1860.

This case originated in an application by Susan Green and her husband, William Green, to have the paper, which had been admitted to probate and record in solemn form of law, as the last will and testament of Seaton Francis Trawick, deceased, again propounded and proved in solemn form.   Applicants state in their petition to the Ordinary, that said Susan

Stone *et al.*, *vs.* Green *et al.*

was the only child of her deceased father, who was a brother of testator, and that she is thus entitled to a share of said estate as the heir at law, or next of kin.   They further state, that at the October Term, 1859, of the Court of Ordinary of Hancock county, a paper purporting to be the last will and testament of said Seaton Francis Trawick, deceased, was propounded for probate by John Stone and Andrew J. Ray, legatees in said will, and said paper was admitted to probate, and letters of administration, with the will annexed, were granted to said propounders, who took charge of the entire estate of deceased, and still holds the same.   Petitioners submit and claim that they are not barred or estopped by said probate and proceedings in said Court of Ordinary, because—

1st. They were not cited to appear and witness said proceedings—were not parties thereto, nor present thereat.

2d. That said will is illegal and void in this; that it provides for the manumission, indirectly and by way of a secret trust, of some or all of the slaves of deceased.

3d. That said alleged will was procured by undue influence of the said Stone and Ray, fraudently exercised over deceased.

4th. That at the time of the death of said testator, and at the time of the probate of said Will, in October, 1859, petitioners resided in the State of Louisiana, and were not cited by said Court of Ordinary to attend or witness said probate, and had no reasonable notice thereof, or such notice as would have enabled them to be present with witnesses to contest said probate.

They, therefore, pray that said propounders, Stone and Ray, be cited to appear and show case "why they should not be ordered to make proof again of said pretended will, at May Term of said Court, in solemn form, so that your petitioners may be parties thereto, and have an opportunity to cross-examine the witnesses, and show that said paper is void," etc.

Upon this petition, the Ordinary issued a citation to the propounders, to show cause at the next regular April Term of said Court, why said will, once before proved, should not be proved again in solemn form.   In obedience to this citation, the propounders appeared, and in answer to the same, pleaded in bar the former probate in solemn form, and that movants were fully estopped and concluded thereby, they hav-

ing been legally notified of said proceedings as shown by the record.

After argument, the Ordinary dismissed the rule, on the ground that it appeared from the will, that said will had been legally proven in solemn form, and after due and legal notice to the parties in interest who are estopped and concluded by said judgment.

From the decision of the Ordinary, movants appealed, and the cause coming on for trial on said appeal in the Superior Court, propounders offered in evidence in support of their answer or plea, the record of the Court of Ordinary and the judgment of said Court in the matter of the former probate of said will, which judgment is as follows :

"A paper purporting to be the last will and testament and codicil of Seaton F. Trawick, late of said county, deceased, having been propounded in open Court by John Stone and Andrew J. Ray, two of the legatees named in said written instrument, who show the service of due and legal notice to the next of kin of said deceased, to-wit: Singleton L. Trawick and W. J. Green, husband of Susan F. Green, formerly Susan F. Trawick, and the due and legal execution of said written instrument by said deceased, as his last will and testament, and the sanity of said testator at the time of the execution thereof being fully established by the testimony of all the subscribing witnesses, and the propounders who were sworn by the caveators. It is considered and adjudged by the Court, that the said written instrument are clearly proven to be the true last will and testament of the said Seaton F. Trawick, deceased, and that as such, the same are ordered to be recorded, and that the caveat filed in said matter be, and is hereby overruled."

Counsel for petitioners moved to amend their rule *nisi,* by striking out the word " again," the rule calling on propounders " to prove the will again in solemn form." The Court allowed the amendment, and counsel for propounders moved for a continuance, on the ground that a material amendment had been made, etc. The Court refused the motion to continue, holding the amendment immaterial, and ordered the cause to proceed.

Propounders then offered in evidence the record of the proceedings and judgment aforesaid, which the Court admitted to be read for what it was worth, but holding that it contained no evidence that the movants had been notified of the

proceedings and probate therein contained and set forth. The record being offered and read, counsel for propounders requested the Court to charge the jury, that the plaintiffs or movants were concluded thereby. This charge the Court refused to give, but stating and holding and charging, that the verdict in this case, in his opinion, should be as follows, to-wit:

"We, the jury, find that there has been no probate in solemn form as against plaintiffs; that plaintiffs are not estopped by the probate of October, 1859, and that the said John Stone and Andrew J. Ray, as administrators with the will annexed, shall proceed to prove the will of Seaton F. Trawick in solemn form, with cost of suit in favor of plaintiffs."

To all of which charge, rulings and instructions, counsel for respondents excepted.

The jury found the verdict above prescribed by the Court.

Whereupon counsel for respondents tender their bill of exceptions, assigning as error the rulings, charges and refusals to charge as aforesaid.

J. W. HUTCHISON, CAIN & LEWIS, A. H. STEPHENS & A. H. KEENAN, for plaintiffs in error.

WM. McKINLY & .T. R. R. COBB, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

Were the caveators, Susan Green and her husband, William Green, concluded or barred by the judgment of the Court of Ordinary probating this will at October, 1859? We think they were not. That record recites, that two of the legatees to-wit: John Stone and Andrew J. Ray, show the service of due and legal notice to the next of kin of said deceased, Singleton F. Trawick and W. J. Green, husband of Susan F. Green, formerly Susan F. Trawick. This recital, and it is all touching notice, shows that Susan F. Green, in whose right her husband, W. J. Green, was entitled to be heard, if at all, had no notice of that proceeding. Service on, or notice to her husband, was not sufficient as to her. She must have had notice to be bound by the judgment; therefore, there was no error in the verdict of the jury under the charge of the Court in requiring the administrators, with will an-

nexed, to proceed to prove said will in solemn form. And as that is the only point in the record necessary to notice, the judgment of the Court below must be affirmed.

Judgment affirmed.